UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTURY INDEMNITY COMPANY, ACE
INA INSURANCE, ACE AMERICAN
INSURANCE COMPANY and ACE
PROPERTY AND CASUALTY INSURANCE
COMPANY,

                    Petitioners,

v.

AXA BELGIUM (F/K/A ROYAL BELGE
INCENDIE REASSURANCE),

                    Respondent.

1:11-cv-07263-RJH
(ECF CASE)

**DECLARATION IN SUPPORT OF MOTION TO SEAL**

**MICHAEL S. GOLLUB** declares, under penalty of perjury, as follows:

1. I am a member of Marshall, Conway and Wright, P.C., attorneys for respondent AXA Belgium (f/k/a Royal Belge Incendie Reassurance) ("AXA"). I am familiar with the proceedings in this matter.

2. I make this Declaration based on my review of pertinent documents in support of AXA's motion for an Order directing that Exhibits "10" through "19" annexed to AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards be filed under seal, and that unredacted versions of AXA's Answer/Cross Petition and Memorandum of Law be filed under seal.

3. This matter involves an underlying arbitration in which petitioners seek to confirm certain arbitration awards. AXA opposes the Petition and seeks to vacate those awards on a number of grounds.

4. The arbitration was conducted under a Confidentiality Agreement, a copy of which is

annexed hereto as Exhibit "A."

2. Paragraph 2 of the Confidentiality Agreement provides as follows:

> Except as provided in Paragraphs 3 and 4, below, and absent written agreement between the parties to the contrary, ACE and AXA Belgium agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3. Paragraph 3 of the Confidentiality Agreement provides in pertinent part as follows (emphasis added):

> Disclosure of Arbitration Information may be made: ... (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award .... ***In connection with subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court be sealed.*** ...

4. AXA is submitting nineteen (19) exhibits in its Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards. A copy of AXA's Exhibit List is annexed hereto as Exhibit "B."

5. The Confidentiality Agreement is consistent with Section 3.8 of the ARIAS-U.S. Practical Guide to Arbitration Procedure, a copy of which is annexed hereto as Exhibit "C," and Section 7 of the Procedures for the Resolution of U.S. Insurance and Reinsurance Disputes, a copy of which is annexed hereto as Exhibit "D."

6. Exhibits "10" through "19" on the Exhibit List and portions of AXA's Answer/Cross Petition and Memorandum of Law constitute Arbitration Information. Pursuant to the

Confidentiality Agreement, the parties have expressly agreed to file this information under seal. AXA is omitting Exhibits "10" through "19" and redacting portions of its Answer/Cross Petition and Memorandum of Law in the versions of those papers filed electronically, pending the Court's decision on this motion.

7. Certain portions of the Petition and exhibits submitted therewith are already subject to a Sealing Order, a copy of which is annexed hereto as Exhibit "E."

8. On December 5, 2011, we e-mailed to petitioner's counsel (White and Williams, c/o Christine G. Russell, russellc@whiteandwilliams.com, Justin K. Fortescue, fortescuej@whiteandwilliams.com, Rafael Vergara, vergarar@whiteandwilliams.com, and Jaimie Merritt, merrittj@whiteandwilliams.com), a version of AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards which includes AXA's Exhibits "10" through "19" on the Exhibit List and an unredacted version of AXA's Answer/Cross Petition and Memorandum of Law. In order that the Court may assess this motion, we will also make available to the Court for its *in camera* inspection a version of AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards which includes AXA's Exhibits "10" through "19" on the Exhibit List and an unredacted version of AXA's Answer/Cross Petition and Memorandum of Law.

**WHEREFORE**, it is respectfully requested that this Court should issue an Order directing that Exhibits "10" through "19" annexed to AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards be filed under seal, and that unredacted versions of AXA's Answer/Cross Petition and Memorandum of Law be filed under seal.

I certify under penalty of perjury that the foregoing is true and correct. Executed on December 5, 2011.

*[signature]*
Michael S. Gollub

4