UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, ACE INA INSURANCE, ACE AMERICAN INSURANCE COMPANY and ACE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Petitioners,<br><br>v.<br><br>AXA BELGIUM (F/K/A ROYAL BELGE INCENDIE REASSURANCE),<br><br>Respondent. | 1:11-cv-07263-RJH<br>(ECF CASE) |

## AXA BELGIUM'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SEAL

**MARSHALL, CONWAY & BRADLEY, P.C.**
116 John Street
New York, New York 10038
(212) 619-4444 (phone)
(212) 962-2647 (fax)
*Attorneys for Respondent*
*AXA Belgium*
*(f/k/a Royal Belge Incendie Reassurance)*

## PRELIMINARY STATEMENT

AXA Belgium (f/k/a Royal Belge Incendie Reassurance) ("AXA"), submits this Memorandum of Law in support of its motion for an Order directing that Exhibits "10" through "19" annexed to AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards be filed under seal, and that unredacted versions of AXA's Answer/Cross Petition and Memorandum of Law be filed under seal.

## BACKGROUND

This matter involves an underlying arbitration in which petitioners seek to confirm certain arbitration awards. AXA opposes the Petition and seeks to vacate those awards on a number of grounds.

The arbitration was conducted under a Confidentiality Agreement. *See* Declaration of Michael S. Gollub, dated December 6, 2011 ("Gollub Decl."), Ex. "A."

Paragraph 2 of the Confidentiality Agreement provides as follows:

> Except as provided in Paragraphs 3 and 4, below, and absent written agreement between the parties to the contrary, ACE and AXA Belgium agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

Paragraph 3 of the Confidentiality Agreement provides in pertinent part as follows (emphasis added):

> Disclosure of Arbitration Information may be made: ... (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or

vacate an arbitration award …. ***In connection with subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court be sealed.* ...**

AXA is or will be submitting nineteen (19) exhibits in its AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards. *See* Gollub Decl., Ex. "B."

The Confidentiality Agreement is consistent with Section 3.8 of the ARIAS-U.S. Practical Guide to Arbitration Procedure and Section 7 of the Procedures for the Resolution of U.S. Insurance and Reinsurance Disputes. *See* Gollub Decl., Exs. "C" & "D."

Exhibits "10" through "19" on the Exhibit List and portions of AXA's Answer/Cross Petition and Memorandum of Law constitute Arbitration Information. Pursuant to the Confidentiality Agreement, the parties have expressly agreed to file this information under seal. AXA is omitting Exhibits "10" through "19" and redacting portions of its Answer/Cross Petition and Memorandum of Law in the versions of those papers filed electronically, pending the Court's decision on this motion.

Certain portions of the Petition and exhibits submitted therewith are already subject to a Sealing Order. *See* Gollub Decl., Ex. "E."

## LEGAL ARGUMENT

In deciding an application to file documents under seal, the Court should "'balance competing considerations'" against the presumption of access, and consider "'the privacy interests of those resisting disclosure.'" *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2nd Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2nd Cir. 1995)). In *U.S. v. Amodeo*, 44 F.3d 141, 145-46, the Second Circuit noted that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."

2

The exhibits at issue all arose out of a private arbitration between the parties. Moreover, the parties expressly agreed that all "Arbitration Information" would be designated confidential and subject to a Confidentiality Agreement and that "all submissions of Arbitration Information to a court be sealed. . . ." Confidentiality Agreement, ¶3. All of the subject exhibits constitute "Arbitration Information." For example, the information to be filed under seal includes arbitration awards, correspondence to and from the Panel, and certain briefing materials. As such, the parties have already agreed that such information is confidential, proprietary and should be filed under seal.

Furthermore, the documents that AXA has requested be sealed or redacted is limited to such Arbitration Information. These exhibits contain certain Arbitration Information that is of no interest to the public. Conversely, the parties' interests in maintaining the confidentiality of this Arbitration Information are sufficient "higher values" that trump any public interest in accessing the documents. *See Lugosch*, 435 F.3d 110, 124 (2d Cir. 2006) ("Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand").

Neither petitioners nor the public will prejudiced by filing these documents under seal. Indeed, petitioners have already sought and obtained a Sealing Order with respect to the Petition. None of the exhibits or redacted information concern matters of public health or safety, a public entity or official or any other interest in which the public would have a superior right.

On December 5, 2011, we e-mailed to petitioner's counsel (White and Williams, c/o Christine G. Russell, russellc@whiteandwilliams.com, Justin K. Fortescue, fortescuej@whiteandwilliams.com, Rafael Vergara, vergarar@whiteandwilliams.com, and Jaimie

Merritt, merrittj@whiteandwilliams.com), a version of AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards which includes AXA's Exhibits "10" through "19" on the Exhibit List and an unredacted version of AXA's Answer/Cross Petition and Memorandum of Law. In order that the Court may assess this motion, we will also make available to the Court for its *in camera* inspection a version of AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards which includes AXA's Exhibits "10" through "19" on the Exhibit List and an unredacted version of AXA's Answer/Cross Petition and Memorandum of Law.

Accordingly, consistent with its obligations under the Confidentiality Agreement, AXA requests that the Court issue an Order directing that Exhibits "10" through "19" annexed to AXA's Answer to Petition to Confirm Arbitration Awards and Cross Petition to Vacate Arbitration Awards be filed under seal, and that unredacted versions of AXA's Answer/Cross Petition and Memorandum of Law be filed under seal.

Dated: December 5, 2011
      New York, New York

                        Respectfully submitted,
                        **MARSHALL, CONWAY & BRADLEY, P.C.**

By:    */s/ Michael S. Gollub*
        Michael S. Gollub
        116 John Street
        New York, New York 10038
        mgollub@mcwpc.com
        (212) 619-4444 (phone)
        (212) 962-2647 (fax)
        *Attorneys for Respondent*
        *AXA Belgium*
        *(f/k/a Royal Belge Incendie Reassurance)*